IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SUE VEAL CARLTON,**

    Plaintiff,

vs.                                        CASE NO. 5:10cv203/RS-GRJ

**JAMES DEWEY VEAL and
CHARLES DAVID VEAL,**

    Defendants.
_____/

**ORDER**

Before me is Defendants' motion to dismiss (Doc. 5).

**I. Standard of Review**

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308,

1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. Background

On June 2, 1993, grantors Lemuel David Veal and Helen Folds Veal created a trust called the "Veal Family Trust." Lemuel and Helen Veal were also co-trustees and the sole beneficiaries of the trust. According to the terms of the trust, upon the death of both co-trustees Charles Veal, James Veal, and Mark Veal shall serve as successor trustees. In addition, the plain terms of the trust document provide that upon the death of both beneficiaries, the trust terminates and the trust property should be divided as follows:

> A.  The property including household furnishings not otherwise disposed of, and all farm related items to the Co-Trustees named in this Declaration of Trust namely, Mark A. Veal, James D. Veal, and Charles D. Veal.
> IT IS THE WISHES OF THE GRANTORS THAT THIS REMAIN A FAMILY FARM.
> B.  All available cash, after funeral expenses and all bills are paid shall be equally divided between Richard Doyle Veal, Sue Veal Carlton, and Janet Gillespie.
>
> (Doc. 1-1).

There is no dispute between the parties that both beneficiaries of the trust, Lemuel and Helen Veal, have died. However, prior to their deaths Lemuel Veal and Helen Veal removed Mark Veal as a Successor Trustee. (Doc. 1-4).

2

After the death of the beneficiaries of the trust, Plaintiff Sue Veal Carlton and her siblings, Janet Veal Frederick and Richard Veal, filed suit in Bay County Circuit Court against James Veal and Charles Veal, as successor co-trustees of the Veal Family Trust, and Mark Veal. They sought to dissolve the Veal Family Trust and cause the real property in the trust to be vested in equal shares in the adult children of Lemuel and Helen Veal: Sue Veal Carlton, Janet Veal Frederick, Richard Veal, James Veal, Charles Veal, and Mark Veal.

James Veal, Charles Veal, and Mark Veal filed a motion for summary judgment against Plaintiffs requesting the Court declare that the Veal Family Trust is a valid trust and that the property of the trust should be distributed pursuant to the terms of the trust: the real property to James Veal, Charles Veal, and Mark Veal, and the money to Sue Veal Carlton, Janet Veal Frederick, and Richard Veal.

During the pendency of the litigation, Mark Veal died and his estate was substituted as a party defendant, represented by the personal representative of his estate Ginger Veal. On June 26, 2008, Bay County Circuit Judge Costello granted Defendants' motion for summary judgment and entered judgment for Defendants James Veal, Charles Veal, and Ginger Veal, as personal representative of the estate of Mark Veal. (Doc. 1-8).

On October 22, 2008, Ginger Veal, in her capacity as Personal Representative of the Estate of Mark Veal, gave a Personal Representative's Deed

conveying the interest of the decedent, Mark Veal, in the trust real property to Sue Veal Carlton, the Plaintiff in this action. Plaintiff Carlton has now filed suit in this Court seeking partition of the trust real property and equal division among James Veal, Charles Veal, and Sue Veal Carlton as the successor in interest to Mark Veal's interest in the trust property. Defendants James Veal and Charles Veal now seek dismissal of Plaintiff's complaint.

### III. Analysis

Defendants first argue the complaint should be dismissed because Mark Veal could not convey an interest in the property to Plaintiff. Defendants argue that when Mark Veal was removed as trustee, he also lost his interest in the trust property upon the death of the beneficiaries, and therefore he had no interest in the trust real property for his personal representative to convey to Plaintiff. Thus, Defendant argues, Plaintiff is limited to receiving only the money she is entitled to under the trust document, and has no interest in the real property of the trust.

The trust instrument provides that upon the death of Lemuel and Helen Veal, "[t]he property including household furnishings not otherwise disposed of, and all farm related items [shall go] to the Co-Trustees named in this Declaration of Trust namely, Mark A. Veal, James D. Veal, and Charles D. Veal." Although the amendment to the trust removed Mark Veal as a successor co-trustee, it makes

4

no mention of revoking his entitlement to a portion of the trust property upon the death of the beneficiaries. (Doc. 1-4).

Furthermore, relitigation of Mark Veal's entitlement to the real property of the trust is precluded under the doctrine of collateral estoppel. A party is precluded from litigating an issue if the identical issue has been actually litigated in a prior suit which could not have been decided without resolving the issue. *See Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir. 1982). Here, Bay County Circuit Judge Costello previously determined that distribution of the trust property under the trust instrument included the distribution of a portion of the real property to Mark Veal. Therefore, Defendants cannot now argue in this suit that Mark Veal is not entitled to a portion of the trust real property.

Defendants next argue that Plaintiff does not have an interest in the property because the trust property could only be conveyed by the trustees, and because Mark Veal was no longer a trustee neither he nor his estate could transfer any interest in the trust property to Plaintiff. However, at the time of Mark Veal's death both of the beneficiaries of the trust had died, and therefore under the terms of the trust Mark Veal had a vested interest in a one-third portion of the real property. The property simply had not yet been divided according to the terms of the trust. Therefore, Mark Veal's estate had the capacity to convey his interest to Plaintiff, and Defendant's second argument for dismissal fails.

Finally, Defendants argue that the personal representative's deed was ineffective to transfer an interest to Plaintiff because of the spendthrift clause of the trust, which prohibits a beneficiary of the trust from transferring an interest in the trust property. This provision clearly applies only to the beneficiaries of the trust. Mark Veal was not a beneficiary of the trust but merely a designee to whom a portion of the real property would go in the termination and winding up of the trust upon the death of the only beneficiaries, Lemuel and Helen Veal. Therefore, the spendthrift provision does not apply to Mark Veal's interest in the trust.

Defendants' motion is **denied.**

**ORDERED** on October 14, 2010.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**