# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SUE VEAL CARLTON,

    Plaintiff,

vs.                                                  CASE NO. 5:10cv203/RS-GRJ

JAMES DEWEY VEAL and
CHARLES DAVID VEAL,

    Defendants.
_____/

## ORDER

Before me is Defendants' motion for summary judgment (Doc. 14).

## Background

On June 2, 1993, grantors Lemuel David Veal and Helen Folds Veal created a trust called the "Veal Family Trust." Lemuel and Helen Veal were also co-trustees and the sole beneficiaries of the trust. According to the terms of the trust, upon the death of both co-trustees Charles Veal, James Veal, and Mark Veal would serve as successor trustees. In addition, the plain terms of the trust document provide that upon the death of both beneficiaries, the trust terminates, and the trust property should be divided as follows:

    A.    The property including household furnishings not otherwise disposed of, and all farm related items to the Co-Trustees named in this Declaration of Trust namely, Mark A. Veal, James D. Veal, and Charles D. Veal.

> IT IS THE WISHES OF THE GRANTORS THAT THIS REMAIN A FAMILY FARM.
>
> B. All available cash, after funeral expenses and all bills are paid shall be equally divided between Richard Doyle Veal, Sue Veal Carlton, and Janet Gillespie.

(Doc. 1-1).

There is no dispute between the parties that both beneficiaries of the trust, Lemuel and Helen Veal, have died. However, prior to their deaths Lemuel Veal and Helen Veal removed Mark Veal as a Successor Trustee. (Doc. 1-4).

After the death of the beneficiaries of the trust, Plaintiff Sue Veal Carlton and her siblings, Janet Veal Frederick and Richard Veal, filed suit in Bay County Circuit Court against James Veal and Charles Veal, as successor co-trustees of the Veal Family Trust, and Mark Veal. They sought to dissolve the Veal Family Trust and cause the real property in the trust to be distributed in equal shares in the adult children of Lemuel and Helen Veal: Sue Veal Carlton, Janet Veal Frederick, Richard Veal, James Veal, Charles Veal, and Mark Veal.

James Veal, Charles Veal, and Mark Veal filed a motion for summary judgment against Plaintiffs requesting the state court to declare that the Veal Family Trust is a valid trust and that the property of the trust should be distributed pursuant to the terms of the trust: the real property to James Veal, Charles Veal, and Mark Veal, and the money to Sue Veal Carlton, Janet Veal Frederick, and Richard Veal.

During the pendency of the litigation, Mark Veal died and his estate was substituted as a party defendant, represented by the personal representative of his estate Ginger Veal. On June 26, 2008, Bay County Circuit Judge Costello granted Defendants' motion for summary judgment and entered judgment for Defendants James Veal, Charles Veal, and Ginger Veal, as personal representative of the estate of Mark Veal. (Doc. 1-8).

On October 22, 2008, Ginger Veal, in her capacity as Personal Representative of the Estate of Mark Veal, gave a Personal Representative's Deed conveying the interest of the decedent, Mark Veal, in the trust real property to Sue Veal Carlton, the Plaintiff in this case. Plaintiff Carlton has now filed suit in this Court seeking partition of the trust real property and equal division among James Veal, Charles Veal, and Sue Veal Carlton as the successor in interest to Mark Veal's interest in the trust property. Defendants James Veal and Charles Veal now seek summary judgment.

## Analysis

Defendants argue that they are entitled to summary judgment because Fla. Stat. § 733.613, which requires court approval prior to the sale of real property of an intestate estate, precluded Ginger Veal, as personal representative of the estate of Mark Veal, from conveying title to Mark Veal's interest in the real property at issue to Sue Veal Carlton. However, it is clear that § 733.613 applies only to the

*sale* of property. Here, Ginger Veal merely conveyed the property. No sale took place. Therefore, § 733.613 does not apply.

Defendants' motion for summary judgment is denied.

**ORDERED** on December 14, 2010.

          <u>**/s/ Richard Smoak**</u>
          **RICHARD SMOAK**
          **UNITED STATES DISTRICT JUDGE**